IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALVIN BELL CEASEAR, #136863**                                               **PETITIONER**

**VERSUS**                         **CIVIL ACTION NO. 1:10-CV-00521-LG-RHW**

**STATE OF MISSISSIPPI**                                                         **RESPONDENT**

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court is Respondent's [9] Motion to Dismiss Alvin B. Ceasear's 28 U.S.C. § 2254 petition as time barred by the AEDPA's one-year limitation period. Respondent argues that the petition should be dismissed because Ceasear's conviction and sentence became final on March 14, 2008, but he did not file the instant petition until November 5, 2010. Morever, Ceasear failed to file an application for post-conviction relief in state court before the limitations period had expired. Alternatively, Respondent argues that Ceasear has failed to exhaust state remedies, a contention which Ceasear does not dispute. Ceasear has not filed a response in opposition to the motion to dismiss; however, he does address certain factors relating to his failure to file a timely petition which the undersigned construes as a claim for equitable tolling. The undersigned has reviewed the pleadings, motion, and exhibits on file and finds as follows:

## FACTS AND PROCEDURAL BACKGROUND

On February 11, 2008, Ceasear pleaded guilty to armed robbery. The court accepted his plea and sentenced him on February 13, 2008. Following the entry of his plea, Ceasear's mother retained an attorney (Stanley L. Taylor) to file a post-conviction motion. Based on the exhibits submitted by Ceasear, it appears that Mr. Taylor was retained some time in the summer of 2008. Ceasear alleges that he wrote several letters to Mr. Taylor regarding his appeal but received no response. On December 21, 2009, Ceasear's mother contacted the Mississippi Bar Association

and indicated that she wished to recoup the money she had paid to Mr. Taylor. By letter dated February 3, 2010, the Mississippi Bar Association indicated its involvement in the matter and requested that Mr. Taylor contact Ceasear immediately regarding his case. In a letter dated May 4, 2010, Mr. Taylor informed Ceasear that he refunded the retainer, sent Ceasear copies of court records and transcripts, and removed himself from the case. Mr. Taylor informed Ceasear that he had a conflict of interest based on his representation of a co-defendant. Mr. Taylor further advised Ceasear that he had three years to file a post-conviction petition.

On July 15, 2010, Ceasear filed a request for records and transcripts with the Harrison County Circuit Court. However, he has not filed a post-conviction relief motion in state court. On November 5, 2010, Ceasear filed the instant § 2254 petition. On the same day, he filed a motion to stay the case so that he may first exhaust of state court remedies.

## LAW AND ANALYSIS

28 U.S.C. § 2244 provides, in relevant part, that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims

>    presented could have been discovered through the exercise of due
>    diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or
>    other collateral review with respect to the pertinent judgment or claim is pending
>    shall not be counted toward any period of limitation under this subsection.

The state court accepted Ceasear's guilty plea and rendered sentence on February 14, 2008. Pursuant to the Mississippi Supreme Court's 30-day exception to the statutory bar on direct appeals from guilty pleas, the judgment became final on March 14, 2008. *See* Miss. Code Ann. § 99-35-101; *Roberts v. Cockrell*, 319 F.3d 690, 693-94 (5th Cir. 2003). Therefore, the one-year limitation period ended on March 16, 2009, the first business day after the actual deadline. Ceasear did not file a § 2254 petition within this time frame, nor did he file a state petition for post-conviction relief to toll the limitations periods. Therefore, the § 2254 petition is untimely.

In the memorandum in support of his habeas petition, Ceasear argues in essence that he is entitled to equitable tolling. Specifically, he points to the actions, or inactions, of the attorney retained to pursue his post-conviction motion. Ceasear also points out that he has a pending motion in state court requesting transcripts and records.

The Supreme Court has recognized that, in appropriate cases, the limitations period may be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549, 2560-62 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 2562. The Supreme Court further held that when the failings of the petitioner's attorney "amount to egregious behavior and create an extraordinary circumstance" equitable tolling is appropriate. *Id.* at 2563. The standard is fairly high, and a "garden variety" form of attorney negligence will not

3

satisfy the court's requirement. *Id*. at 2564.

Ceasear has not demonstrated a level of professional misconduct on the part of his attorney that amounts to "extraordinary circumstances" justifying the application of equitable tolling. At best, Ceasear has demonstrated simple negligence on Mr. Taylor's part for his failure to communicate with Ceasear regarding his case and for failing to file a state petition for post-conviction relief. The instant case does not present the type of "extraordinary" circumstances of professional misconduct that was present in the *Holland* case.

Even if Taylor's negligence rose to the level required under *Holland*, Ceasear has not demonstrated that he acted diligently in pursuing his rights. The first correspondence of record is his mother's letter to the Mississippi Bar Association dated December, 21, 2009, nearly nine months after the AEDPA's one-year limitation period had already expired. Mr. Taylor withdrew his representation on May 4, 2010. Ceasear then waited another six months before filing the instant § 2254 petition. Moreover, Ceasear has not yet filed a motion for post conviction relief in state court. As such, Ceasear has not acted with due diligence in pursuing his claim and equitable tolling does not apply. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). For these reasons, the undersigned rejects Petitioner's equitable tolling argument.

In addition to its untimeliness, Petitioner's Petition for Habeas Relief is procedurally improper. Congress has codified procedural steps which § 2244 claimants must follow. 28 U.S.C. § 2254 states that:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>> (A) the applicant has exhausted the remedies available in the courts of the

>   State; or
>
>   (B)(i) there is an absence of available State corrective process; or
>
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Additionally, § 2254(c) provides that:

>   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Petitioner has failed to show that he has "exhausted the remedies available in the courts of the State" or that the State's corrective process is unavailable or ineffective. Ceasear, by his own admission, has not filed a motion for post-conviction relief in state court; he has only filed requests for records and transcripts. Ceasear's case does not present the type of "limited circumstances" that would warrant a stay and abeyance of the federal proceedings to allow exhaustion of state remedies. *See Rhines v. Weber*, 125 S.Ct. 1528, 1533-35 (2005). Nor has he shown good cause for failing to exhaust first his state court remedies. To the contrary, Ceasear simply has failed to file a motion for post-conviction relief in state court, even after his attorney withdrew representation on May 4, 2010, and informed him that he had three years to file a post-conviction motion. Thus, in addition to being untimely, the undersigned finds that Ceasear's § 2254 Petition is procedurally improper.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the State's [9] Motion to Dismiss be granted, and that Ceasear's § 2254 petition be dismissed as untimely or, in the alternative, dismissed for failure to exhaust available state remedies. Furthermore, the

undersigned recommends that Petitioner's [3] Motion to Stay Order be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 7th day of July, 2011.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE
